## 23393. DUFFY *v.* COLLUM.

DECIDED SEPTEMBER 17, 1934.

*Winfield P. Jones,* for plaintiff in error.

*John M. Owen, C. Holland Feagan,* contra.

GUERRY, J.   This is an action at law to recover a judgment based on the alleged fact that the plaintiff had paid taxes for the benefit of the defendant, and was entitled to be reimbursed therefor. Collum on October 1, 1929, loaned to Duffy $3000, evidenced by notes and secured by deed to a certain house and lot in the city of Atlanta.   On default in payment he caused said property to be sold and became the purchaser thereof on the first Tuesday in December, 1932.   During the time Duffy was occupying the property, State, county, and city taxes for the years 1930, 1931, 1932 accumulated and fi. fas. were issued therefor against Duffy.   These fi. fas. were paid and were transferred to Collum on December 29, 1932.   The deed to secure debt contained this provision upon which this cause of action is based:   "And the said party of the first part [J. W. Duffy] hereby covenants, for so long as said indebtedness or any part thereof shall remain unpaid, to keep said premises in as good condition as they now are; to pay all taxes and assessments that may become liens upon said premises as they become due."   As shown by plea and evidence, Duffy was adjudicated a bankrupt in March, 1932, and his bankruptcy schedule listed creditors holding securities which included the secured debt of the plaintiff.   He was granted a discharge on September 10, 1932.

It will be called to mind that this is not a claim case or an affidavit of illegality, arising by reason of the levy of the tax fi. fas. belonging to Collum, but is a suit asking that a judgment be given as against Duffy by reason of his covenant in said security deed for reimbursement for the amount of taxes paid in his behalf.   It is insisted that inasmuch as a discharge in bankruptcy does not discharge a person from taxes due the United States, the State, county, district, or municipality in which he resides, as provided in section 17 of the bankruptcy act as follows:   "A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as (1) are due as a tax levied by the United States, the State, the county, district or municipality in which he resides," the defendant in the court below was not discharged from his obligation to pay the taxes.   A verdict was directed in favor of the plaintiff, and exception was taken.

An obligation to pay taxes does not rest upon any contract, ex-

press or implied, or upon consent of the taxpayer, and is not a debt in the ordinary sense of the word, although it is a liability or obligation. The obligation to pay taxes not being contractual, taxes are not assignable as ordinary debts, except as provided by law. Civil Code (1910), § 1145; *Ga. R. &c. Co.* v. *Wright*, 124 *Ga.* 596 (19) (53 S. E. 251). It is true that the transferee of a tax fi. fa. which has been recorded as provided has the same rights of priority of payment as the State or county issuing the same, and were this a proceeding by reason of a levy of the tax fi. fas. themselves, the discharge in bankruptcy might be ineffectual as against the same. This suit presents the unusual case of asking for a judgment on a judgment. If contractual rights as set forth in the deed are relied upon, it was such a debt as was provable in bankruptcy, and was effected by the discharge, and he is not now entitled to a judgment thereon. His right to proceed upon his fi. fas. was not in issue and it was error for the court to direct a verdict in favor of the plaintiff. Under the pleadings and the facts, the defendant was entitled to a verdict.

*Judgment reversed. Broyles, C. J., dissents. MacIntyre, J., concurs in the judgment, but not in all that is said in the opinion.*